Joshua McKELTON, Appellant,

v.

Joseph E. BRUNO, Appellee.

No. 22628.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 23, 1970.

Decided Feb. 17, 1970.

Mr. Peter L. Strauss, Washington, D. C., with whom Mrs. Florence Wagman Roisman, Washington, D. C., was on the brief, for appellant.

Mr. Herman Miller, Washington, D. C., for appellee.

Before WRIGHT, TAMM and MacKINNON, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

This case involves the *in forma pauperis* practices of the District of Columbia Court of Appeals. We conclude that that court erred in refusing to allow appellant to proceed without payment of the filing fee, and we reverse and remand the cause.

I

Appellant was permitted to defend *in forma pauperis* against appellee's suit for possession in the Landlord and Tenant Branch of the District of Columbia Court of General Sessions. Judgment was entered for appellee, and the trial court, upon motion, granted appellant permission to appeal to the DCCA *in forma pauperis*. The DCCA, however, refused to allow appellant to appeal without payment of the filing fee, although appellant had submitted an affidavit alleging that he was unable to pay the costs imposed by the DCCA. Appellant argues that, absent an affirmative showing of disentitlement, the DCCA cannot refuse to allow an appeal *in forma pauperis* once permission has been granted by the trial court if non-frivolous issues are present. We agree.

Section 101 of Title 13 of the District of Columbia Code requires the DCCA to prescribe its own rules of practice,

and mandates that those rules "conform as nearly as may be practicable to the forms, practice, and procedure prescribed by the Federal Rules of Civil Procedure * * *."[1] Since appellate procedures formerly included in the uniform District Court Rules are now a part of the Federal Rules of Appellate Procedure, it is our view that the statute requires the DCCA to conform its practice, as far as is practicable, to both the uniform civil rules for the District Courts and those which apply to the Circuit Courts of Appeals.[2]

Rule 24 of the Federal Rules of Appellate Procedure, which governs our own *in forma pauperis* practice, permits any litigant who has been allowed to proceed in an action in the District Court *in forma pauperis* to proceed on appeal *in forma pauperis* without further authorization, unless the District Court certifies that the "appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed * * *."[3] The issue of appealing *in forma pauperis* ordinarily does not concern the Court of Appeals unless a request for such treatment has been denied by the District Court.[4]

■ In the instant case appellant followed the procedures of Rule 24. Upon motion the trial court allowed appellant to proceed *in forma pauperis* both at trial and on appeal to the DCCA. Since the issue had been passed on by the trial court, the DCCA had no further role

to play,[5] and its refusal to allow an *in forma pauperis* appeal must be reversed.[6] Our holding that the DCCA must follow the federal *in forma pauperis* procedure is supported by a recent action of that court. The DCCA seems to have recognized that it has a duty to conform its rules to the Federal Rules of Appellate Procedure "as nearly as may be practicable"; the DCCA's new rules of procedure adopt Rule 24, Fed.R. App.P., to govern its *in forma pauperis* practice.[7]

## II

In denying appellant's motion, the DCCA stated that, in its view, appellant was not qualified to proceed *in forma pauperis*. Therefore, we take this opportunity to outline the standards to be applied in ruling on such motions. Under the new Rule 24 procedure, most motions will now be passed upon by the trial courts, which are governed by our recent decision in Harris v. Harris.[8] There we adopted the test established by the Supreme Court in Adkins v. DuPont Co.:[9]

"* * * We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself

---

1. 13 D.C.Code § 101 (1967).

2. *Cf.* Tate v. United States, 123 U.S.App. D.C. 261, 270, 359 F.2d 245, 254 (1966).

3. A party who did not proceed *in forma pauperis* in the trial court must request the trial court for leave to appeal *in forma pauperis* and submit a detailed affidavit indicating his inability to pay the fees and costs. Rule 24, Fed.R.App.P.

4. If the District Court refuses to grant the motion, a party may petition the Court of Appeals.

5. Of course, the DCCA could refuse to hear a case *in forma pauperis* if it determined from evidence brought to its attention that the allegations of poverty had

no basis in fact. *Cf.* Adkins v. DuPont Co., 335 U.S. 331, 338, 69 S.Ct. 85, 93 L.Ed. 43 (1948) (one who makes an *in forma pauperis* affidavit "exposes himself 'to the pains of perjury in a case of bad faith'").

6. The requirement of old DCCA Rule 43 that a motion to proceed *in forma pauperis* be made to the DCCA was superseded by Rule 24, Fed.R.App.P.

7. *See* DCCA Rule 40 (1970).

8. 137 U.S.App.D.C. 318, 424 F.2d 806 decided January 14 (1970).

9. *Supra* Note 5, 335 U.S. at 339, 69 S.Ct. at 89.

and dependents 'with the necessities of life.' * * *"

We concluded in *Harris*: "Thus under the District of Columbia Code, as under the federal statute, *in forma pauperis* relief is not limited to those who are public charges or absolutely destitute." [10]

■ In *Harris* we held that a woman receiving $70 take home pay per week, who supported herself and two children, and who had pressing debts, could proceed *in forma pauperis*. We see no reason why this appellant might not also qualify as an indigent for the purpose of *in forma pauperis* requirements. While he does receive about $20 more take home pay than did Mrs. Harris, he also alleges pressing debts and, in addition, must support two more dependents than did Mrs. Harris.[11]

Finally, in assessing a litigant's ability to bear the costs of a lawsuit, the courts must pay some attention to the nature of the particular litigation. In many General Sessions cases there is not a large amount of money at stake. This is especially so in landlord-tenant actions, where the issue being litigated, the tenant's right to remain in his home, will often be of great personal, but of little monetary, value. Although he has a valid defense to the landlord's action, a tenant who is barely able to make ends meet, and for whom a victory would not bring a large monetary judgment, might well decide not to defend or appeal if he were forced to pay all court costs.[12] All courts must be careful lest the financial burdens of litigation preclude the poor from litigating meritorious issues.

Reversed and remanded.

Circuit Judge TAMM dissents.

10. Harris v. Harris, *supra* Note 8, 137 U.S.App.D.C. at 322, 424 F.2d at 810.

11. In refusing to allow appeal *in forma pauperis*, the DCCA stated that it gave "little consideration" to appellant's allegation of pressing debts accumulated during a recent period of unemployment "because neither the amount nor nature of the debts was stated." Assuming that in some cases it may be appropriate to test the affidavit of poverty, the court should have required appellant to submit a more particularized statement. *See* Harris v. Harris, *supra* Note 8, 137 U.S.App.D.C. at 322 n. 7, 424 F.2d at 810 n. 7.

12. In denying appellant's application, the DCCA noted that only a $15 filing fee in its court was involved. However, in passing on such an application the court must consider all the costs of litigation, both at trial and on appeal. Furthermore, after our opinion in Lee v. Habib, 137 U.S.App.D.C. 403, 424 F.2d 891 (1970), it should be clear that filing fees are not the only costs which a court must take into account. The *Lee* case held that civil litigants allowed to proceed *in forma pauperis* could apply for and receive a free transcript in certain cases.