99 B.R. 757 (1989)
UNITED STATES of America on Behalf of the FARMERS HOME ADMINISTRATION and the Small Business Administration, Appellant,
v.
Frederick T. GARNETT and Deborah Ann Garnett, Appellees.
Civ. A. No. C88-0176-P(A).
United States District Court, W.D. Kentucky, at Louisville.
March 9, 1989.
Deborah L. Harrod, Sp. Asst. U.S. Atty., Ky., Jane Bondurant, Asst. U.S. Atty., Bank of Louisville Bldg., Louisville, Ky., for appellant.
Lucius P. Hawes, Jr., Hopkinsville, Ky., for appellees.

MEMORANDUM OPINION
ALLEN, Senior District Judge.
This appeal from a decision of the United States Bankruptcy Court presents the sole question of whether 11 U.S.C. Sec. 506(d) may be used to void a mortgage lien. We are in full agreement with the excellent analysis of the trial court, Garnett v. FmHA and SBA, 88 B.R. 123 (Bankr.W.D. Ky.1988), and we are of the opinion that the statutory language requires that the decision be affirmed.
11 U.S.C. Sec. 506(a) provides, in pertinent part, as follows:
An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim.
Section 506(d) provides "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. . . ."
The Garnetts own real property that is subject to a number of mortgage liens. Farmers Home Administration holds a second and a third mortgage and Small Business Administration holds a fourth mortgage. The parties are in agreement that the value of the property is barely equal to the first mortgage lien indebtedness. Consequently, the Garnetts filed this action to have the Small Business Administration lien declared void in its entirety, and to have that portion of the Farmers Home Administration liens voided that were not secured by value. The United States Bankruptcy Court agreed with the Garnetts that Section 506(d) permitted such an action, and the liens were so voided.
The United States argues that this interpretation of the statute flies in the face of the long-standing principle that liens remain intact despite bankruptcy proceedings, and that the effect of the interpretation adopted by the trial court would be to create a new and separate redemption statute. As has been pointed out, however, the interpretation adopted by the trial court *758 leaves the second lienholder in the same position he would be in absent bankruptcy: If the first mortgage-holder forecloses, and if there is insufficient value in the collateral to satisfy that claim, the second mortgage-holder has only an unsecured claim.
A number of public policy and statutory integration arguments have been offered by the United States. Judge Roberts' excellent opinion in the court below has been published, and we would be hard put to set forth the analysis with equal clarity. This court adopts the trial court opinion in its entirety, and adds only the observation that no principle of public policy or statutory intent permits a court to adopt a statutory interpretation that is at odds with the plain language utilized by Congress. As Sec. 506(a) clearly declares that portion of a lienholder's claim that is in excess of the value of the property to be unsecured, the trial court's action in voiding the liens to that extent was not erroneous.
An order in conformity has this day entered.