In re Mary L. MOSES, Debtor.

89–03267–C.

United States Bankruptcy Court,
N.D. Oklahoma.

Feb. 21, 1990.

Jack A. Martin, Jenks, Okl., for debtor.

John B. Wimbish, Tulsa, Okl., for Com.

Don E. Gasaway, Tulsa, Okl., for Union.

## MEMORANDUM OPINION AND ORDER

STEPHEN J. COVEY, Bankruptcy Judge.

The Debtor in this case, Mary L. Moses, filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on October 27, 1989. One of the Debtor's assets is real property located in Wagoner County, Oklahoma and more particularly described as follows, to-wit:

Lot Three (3), Block Three (3), WOOD-STOCK II, an Addition to the City of Broken Arrow, Wagoner County, Oklahoma, a Subdivision of Part of Lot 6 of Section 6, Township 18 North, Range 15 East of the Indian Meridian.

The Debtor claimed the property exempt as a homestead, no objections were made to this claim and it was, therefore, exempted from the Debtor's estate.

On November 20, 1989, the Debtor filed a motion to determine the amount of the mortgage lien claims of Commonwealth Mortgage Company ("Commonwealth") and Union Mortgage Company, Inc. ("Union"). The motion also asked that the Court determine the secured and unsecured status of each claim pursuant to Section 506(a) of the Bankruptcy Code.

On December 14, 1989, both mortgagees filed motions for relief from the automatic stay so they could foreclose their mortgage liens in the state court. On December 26, 1989, the Debtor responded to the motion of Union asking that its claim be allowed as unsecured because the value of the property was insufficient to cover even the lien of the first mortgage. In response to Commonwealth's motion, the Debtor asked that it be denied because she intended to keep the home and reaffirm the debt.

On January 10, 1990, a hearing on the motions of Commonwealth and Union was held and it was stipulated and agreed to as follows:

1. The debt of Commonwealth secured by a first mortgage on the property was $49,105.47;

2. The debt of Union secured by a second mortgage on the property was $10,340.00;

3. The value of the property was $46,000.00;

4. The automatic stay would be lifted in regard to the first mortgagee, Commonwealth; and,

5. The Court would take under advisement the request of the Debtor to void the lien of the second mortgagee, Union, under § 506(d) of the Bankruptcy Code because it was totally unsecured pursuant to § 506(a) of the Bankruptcy Code.

Section 506(a) and (d) of the Bankruptcy Code provides as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured

claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim....

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....

## DISCUSSION

The majority view and the view of every Circuit Court of Appeals that has ruled upon the issue is that unsecured real estate mortgage liens can be voided by the Bankruptcy Court pursuant to § 506(d). See *Matter of Lindsey*, 823 F.2d 189 (7th Cir. 1987); *Matter of Folendore*, 862 F.2d 1537 (11th Cir.1989); *Gaglia v. First Federal Savings and Loan Assn.*, 889 F.2d 1304 (3d Cir.1989); *In re Mays*, 85 B.R. 955 (Bankr.E.D.Pa.1988); *In re Zlogar*, 101 B.R. 1 (Bankr.N.D.Ill.1989). Also this Court followed the majority in an unpublished decision *In re Magee*, Case No. 88–00764-C, U.S. Bankruptcy Court, Northern District of Oklahoma.

The most recent decision on this issue is *Gaglia, supra.* In its decision upholding the right of a debtor to void an unsecured lien under § 506(d), the Court stated as follows:

The Gaglias rely on what they contend is the plain meaning of §§ 506(a) and 506(d). They assert that § 506(a) bifurcates a secured creditor's claim into a secured and an unsecured component, with the claim secured to the extent that the creditor may look to the underlying collateral. *See United States v. Ron Pair Enter.*, —— U.S. ——, 109 S.Ct. 1026, 1029, 103 L.Ed. 2d 290 (1989) ("Subsection (a) of § 506 provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured.") (footnote omitted); *In re Lewis*, 875 F.2d 53, 56 (3d Cir.1989) (similar analysis of § 506).... The unsecured portion, the Gaglias argue, is then void under § 506(d). The Gaglias con-

tend that the SBA would receive the same amount if the property were liquidated and that lien avoidance simply duplicates the results of a forced sale.

The majority of the bankruptcy and district courts that have considered this issue agree that the language of § 506 allows a Chapter 7 debtor to void liens secured by property that is not administered. *See, e.g., In re Garnett*, 88 B.R. 123, 124 (Bankr.W.D.Ky.1988) (majority view allows Chapter 7 debtor to void unsecured portion of mortgage), *aff'd*, *United States ex rel. Farmers Home Admin. v. Garnett*, 99 B.R. 757 (W.D. Ky.1989).

This Court agrees with the analysis in *Gaglia, supra*, and holds that the language of §§ 506(a) and (d) is not ambiguous and that there is no need for an investigation into legislative history or intent. The sections plainly state that when a claim against property is not an allowed secured claim, any lien securing such claim is void. To read it any other way would violate a fundamental rule of statutory interpretation. "If the language of a statue is clear, that language must be given effect at least in the absence of a potent absurdity. Judges interpret laws rather than reconstruct legislator's intentions. Where the language of those laws is clear, we are not free to replace it with unenacted legislative intent." *I.N.S. v. Cardoza–Fonseca*, 480 U.S. 421, 452–53, 107 S.Ct. 1207, 1224, 94 L.Ed.2d 434 (1987) Scalia, J., concurring.

Voiding the second mortgage lien on the Debtor's property serves one of the underlying public policies of the Bankruptcy Code which is to provide the Debtor with a fresh start. *In re Stokes*, 39 B.R. 336 (Bankr.E.D.Va.1984); *Matter of Folendore; In re Cleveringa*, 52 B.R. 56 (Bankr. N.D.Iowa 1985). The Bankruptcy Code must be viewed in light of underlying policy considerations. *In re Sokolsky*, 18 B.R. 138 (Bankr.M.D.Fla.1982). The Bankruptcy Code is to be liberally construed to give the Debtor the full measure of relief afforded by Congress. *In re Lange*, 39 B.R. 483 (Bankr.D.Kan.1984).

Finally, mere common sense supports voiding the lien under § 506(a) and (d). The first mortgage in this case consumes the entire value of the Debtor's property. There is nothing left to satisfy the second mortgage. Nothing will be gained by allowing Union's mortgage lien to survive the bankruptcy. It benefits neither the creditor or debtor. The mortgage lien is, for all practical purposes, voided by operation of the first mortgage lien. As Judge TeSelle points out in his dissent in *Shrum*, the second mortgage is "completely underwater." Sections 506(a) and (d) give this Court the authority to void the unsecured mortgage lien. The Court exercises that authority here today and declares the unsecured mortgage lien void.

Union relies primarily upon the minority view which is well stated in the case of *In re Shrum*, 98 B.R. 995 (Bankr.W.D.Okla. 1989) and *In re Dewsnup*, 87 B.R. 676 (Bankr.D.Utah 1988). These two cases and several others hold that the lien of an unsecured mortgagee cannot be voided by the Debtor under § 506(d). These cases give various reasons for their holdings, including the following:

1. To allow a debtor to void such a lien would give a Chapter 7 debtor greater rights than a Chapter 13 or Chapter 11 debtor;

2. Unsecured liens can only be voided as to property of the estate. Once the property is allowed as exempt or abandoned, as has been done in the instant case, the property is no longer property of the estate and the liens cannot be voided; and,

3. That § 722 is the exclusive redemption provision of the Code and applies only to personal property. If a debtor can void an unsecured mortgage claim under § 506(d), § 722 is superfluous.

Each of these contentions is dealt with and rejected in *Gaglia*, supra. This Court again adopts the reasoning in *Gaglia* and declines to follow the minority view in *Shrum* and *Dewsnup*, supra.

## CONCLUSION

IT IS THEREFORE ORDERED that Union Mortgage Company, Inc. has an unsecured claim against the Debtor's estate in the amount of $10,340.00 and its mortgage lien securing said claim is voided as against the Debtor's homestead property described above.