**In re Franklin D. Roosevelt HAR-GROVE, Debtor/Plaintiff/Appellee,**

**v.**

**The EDWARDS COMPANY, INC., et al. Defendants,**

**and**

**the Internal Revenue Service, Defendant/Appellant.**

**Civ. A. 91–76–NN.**

United States District Court, E.D. Virginia, Newport News Division.

Nov. 12, 1991.

Joseph Massie Durant, Newport News, Va., for Hampton Mall Associates and Goley M. Avent.

Clara Potter Swanson, Newport News, Va., for Sterling J. Christian.

Richard Wilson Hodgins, Newport News, Va., for Franklin J. Roosevelt Hargrove.

Michael Anson Rhine, U.S. Attys. Office, Norfolk, Va., Gregory Stefan, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S. I.R.S.

## OPINION AND ORDER

DOUMAR, District Judge.

This case is before this Court on appeal from the Bankruptcy Court of the Eastern District of Virginia sitting in Newport News, regarding the avoidance of undersecured portions of liens on debtor's property at 425 Lee Street, Hampton, Virginia.

In October 1990, debtor Franklin Hargrove instituted a proceeding to determine the nature and extent of the liens pursuant to 11 U.S.C. § 506(a) and (d) and 11 U.S.C. § 522(f), in which debtor sought to void liens which exceeded the value of his real property and which impaired his § 522 exemption. On January 18, 1991, the Bankruptcy Court found the value of the real property to which creditors' liens attached to be $62,050, well below the amount of the liens. On March 8, 1991, the Bankruptcy

766

Court ruled that creditors' judgment liens on abandoned real property at 425 Lee Street, Hampton, Virginia, were void pursuant to 11 U.S.C. § 506(d) to the extent that the liens were undersecured. Additionally, the Bankruptcy Court found that the judgment lien of defendant creditor Sterling Christian was also void pursuant to § 522(f) to the extent that the amount of the lien impaired the § 522 exemption claimed by the debtor. Defendant creditor Internal Revenue Service (I.R.S.) filed a notice of appeal on June 10, 1991. The creditors who appealed are the I.R.S., Sterling Christian, and Goley Avent. On July 19, 1991, appellants Goley Avent and the I.R.S. filed briefs with the court. Debtor made no written reply. On August 9, 1991 this Court heard arguments on the appeal from counsel for debtor Franklin Hargrove and appellant creditors Goley Avent, Sterling Christian and the I.R.S. For the reasons set out below, this Court reverses the Bankruptcy Court in so far as it may pertain to the appellants and remands this case in order that an appropriate judgment might be entered in conformity with this opinion.

## ISSUE

The issue before the Court is whether 11 U.S.C. § 506(d) (1988) allows a Chapter 7 debtor to void a lien on real property abandoned by a bankruptcy trustee to the extent that the lien is undersecured, i.e. exceeds the appraised value of the property.[1] The Bankruptcy Court in the Richmond division of the Eastern District of Virginia has decided the issue in the negative in *In re Maitland*, 61 B.R. 130 (Bankr.E.D.Va. 1986). In the case *sub judice*, the Bankruptcy Court in the Newport News division has decided this issue in the positive, finding that the undersecured portions of the liens on abandoned real property are voided under § 506(d). Thus, there is a conflict in the Bankruptcy Court of the Eastern District of Virginia.

1. This Court does not reach the I.R.S.'s second issue on appeal as to whether a Chapter 7 debtor can avoid unsecured portions of federal tax liens under § 506(d) if the Court were to rule

## STANDARD OF REVIEW

In reviewing bankruptcy court rulings, district courts review statutory constructions *de novo*. *In re Newman*, 903 F.2d 1150, 1152 (7th Cir.1990); *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987). The interpretation of 11 U.S.C. § 506 is a question of law, and it will therefore be reviewed *de novo*.

## FACTS

Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code on June 28, 1990. This is the debtor's second time in bankruptcy, and Goley Avent's judgment lien predates the first bankruptcy. Goley Avent obtained judgment in October 1975, which was promptly docketed in the Circuit Court for the City of Hampton. On October 27, 1977, the debtor acquired the property at 425 Lee Street, Hampton, Virginia, and he recorded the deed. In January 1983 there was a foreclosure on the second Deed of Trust. On June 17, 1983 debtor Hargrove filed a voluntary Chapter 7 petition in the Bankruptcy Court. Goley Avent was not listed as a creditor in that bankruptcy, nor did she receive notice of the bankruptcy action. After his discharge in October 1983, Hargrove reacquired the real property by deed dated November 16, 1983. Whether or not Goley Avent's lien was discharged by the bankruptcy, her lien reattached when the debtor reacquired the property. As of the date of the Bankruptcy Court hearing, Goley Avent's lien, with interest, totaled $10,959.91.

Creditor Sterling Christian subsequently obtained and docketed his judgment in 1985, which, with interest as of the date of the bankruptcy hearing, was $22,325.01.

The Internal Revenue Service filed notices of federal tax liens for tax penalties pursuant to 26 U.S.C. § 6672 on March 7, 1988, March 12, 1990, and April 2, 1990. Exclusive of interest and penalties, the I.R.S.'s tax liens amount to $16,014.98.

that unsecured portions of non-tax liens were voidable under § 506(d). The Court's findings on the first issue renders the proposed second issue moot.

The Bankruptcy Trustee appointed in this case has abandoned the property. A bankruptcy trustee has the power to abandon property pursuant to 11 U.S.C. § 554, which provides in part that "after notice and hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

## OPINION

There is a split in the circuit courts as to whether a Chapter 7 debtor may void the undersecured portion of a lien on abandoned real property pursuant to 11 U.S.C. § 506(d). The relevant portions of § 506(a) and (d) of the Bankruptcy Code provide that:

(a) An allowed claim of a creditor secured by a lien on *property in which the estate has an interest,* or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim....

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.... [2]

(Emphasis added.)

The majority of courts that have ruled on the issue, represented by the Third Circuit in *Gaglia v. First Federal Savings & Loan Ass'n,* 889 F.2d 1304 (3d Cir.1989), have held that § 506(d) allows avoidance of the portion of the lien that exceeds the value of the property, whether or not the property has been abandoned by the trustee. *Id.* at 1311. Other courts adopting the majority view include *In re Brouse,* 110 B.R. 539,

541 (Bankr.D.Colo.1990); *In re Moses,* 110 B.R. 962, 963–64 (Bankr.N.D.Okla.1990); *In re Zlogar,* 101 B.R. 1, 7 (Bankr.N.D.Ill. 1989); *In re Tanner,* 14 B.R. 933, 939 (Bankr.W.D.Pa.1981). Two other circuits have assumed or recognized that § 506(d) allows a debtor to void liens, but they did not directly decide the matter. *See In re Folendore,* 862 F.2d 1537 (11th Cir.1989); *In re Lindsey,* 823 F.2d 189 (7th Cir.1987).

The court in *Gaglia* recognized that the language in § 506(a), "property in which the estate has an interest," is a limitation on the applicability of lien avoidance under § 506(d). 889 F.2d at 1308. The Third Circuit in *Gaglia* found that property in which a debtor had no equity nevertheless fit into the language of 11 U.S.C. § 506(a) by reasoning that "when a debtor files a Chapter 7 petition, all of his right and title to property, legal as well as equitable, passes to the estate...." and that even if a debtor has no equity in the property, that the estate still has a legal interest in it. *Id.* The court in *Gaglia* thereby found that § 506(d) applies to property which has not been administered by the estate, which includes property abandoned by the trustee.

The Third Circuit in *Gaglia* further supported its holding by finding that the allowance of avoidance of liens would mimic the result in a forced sale. *Id.* at n. 6 and 1311.

A strong minority of courts ruling on the issue, represented by the Tenth Circuit in *In re Dewsnup,* 908 F.2d 588 (10th Cir. 1990), *cert. granted, Dewsnup v. Timm,* —— U.S. ——, 111 S.Ct. 949, 112 L.Ed.2d 1038 (1991), have held that § 506(d) cannot be used to avoid liens on abandoned property to the extent the liens are undersecured. The court in *Dewsnup* declined to follow the reasoning or holding of *Gaglia.* The Tenth Circuit listed the following reasons used by various lower courts that held that a debtor may not use 11 U.S.C. § 506(d) to avoid the undersecured portion of creditor's liens: 1) property abandoned by the

---

**2.** Title 11 U.S.C. § 506(d) continues: "unless— (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title." These statutory exceptions do not apply in this case.

trustee under 11 U.S.C. § 554 is not "property in which the estate has an interest" under the language of § 506(a), and therefore no portion of the lien may be voided under § 506(d); 2) allowing such lien avoidance inequitably gives debtors more in Chapter 7 than in reorganization chapters; and 3) allowing such lien avoidance under § 506(d) would render redundant 11 U.S.C. § 722, which allows for redemption of personal property but not real property. *Id.* at 589–90. Other courts adopting the minority view include *In re Lange,* 120 B.R. 132, 135 (9th Cir.BAP 1990) (listing above reasons and adopting reasoning of *Dewsnup* ); *In re Mammoser,* 115 B.R. 758, 759–60 (Bankr.W.D.N.Y.1990) (rejecting reasoning of *Gaglia* and holding that § 506(d) is not an avoiding power, but rather an implementing provision); *In re Shrum,* 98 B.R. 995, 1002 (Bankr. W.D.Okla.1989) (holding that abandoned or exempt property is no longer part of the estate and therefore § 506(d) is not available to void the undersecured portion of a lien); *In re Maitland,* 61 B.R. 130, 132–35 (Bankr.E.D.Va.1986) (stating all three justifications).

In *Dewsnup,* the Tenth Circuit rejected the reasoning in *Gaglia* that a debtor's legal interest in the property which is transferred to the estate, where debtor has no equitable interest, satisfies the § 506(a) language "property in which the estate has an interest" which applies to § 506(d). 908 F.2d at 591. The Tenth Circuit found that the reasoning of *Gaglia* did not recognize that once property is abandoned, the estate no longer has an *interest* in the property, and that the property reverts to its prebankruptcy status. *Id.*

The Richmond division of the Bankruptcy Court of the Eastern District of Virginia in *Maitland* also held that a debtor may not void liens to the extent that the liens are undersecured in property that has been abandoned. 61 B.R. at 135. In *Maitland,*

the court found that the limitation of § 506(a) to "property in which the estate has an interest" applied to § 506(d) avoidance of liens and that abandoned property is not property in which an estate has interest. *Id.* at 132–33. Therefore, the debtor may not avoid the undersecured portion of a lien pursuant to § 506(d).

Another reason for the minority construction of § 506(d) given by the court in *Dewsnup* is to avoid the inequitable result of giving debtors more in Chapter 7 than in reorganization chapters of bankruptcy. The *Gaglia* finding that the majority construction would mimic a forced sale has been criticized on the grounds that in fact the majority construction would yield different results both within and outside of the Bankruptcy Code in cases in which creditors could use appreciation in land values to offset losses. *Dewsnup,* 908 F.2d at 592–93; *Lange,* 120 B.R. at 136. For example, in a forced sale, a lienor who purchases the real property in the foreclosure sale may wait to sell it later in the hopes of capturing increased land values. However, § 506 might be interpreted under the majority view as allowing the debtor to receive the windfall of any increased land value, thereby giving the debtor more than the result of a forced sale. 908 F.2d at 593. Moreover, where there are judgment lien creditors, as here, foreclosure is not a certainty. There may be instances in which the property is abandoned but the obligation secured by the property is not in default.

A public policy consideration advanced by Congress and by the Bankruptcy Court in *Maitland* and by the Tenth Circuit in *Dewsnup* is the encouragement of debtors toward the reorganization and rehabilitation chapters of the Bankruptcy Code, and away from the liquidation Chapter 7.[3] *Maitland,* 61 B.R. at 135; *Dewsnup,* 908 F.2d at 592. Allowing debtors to avoid the undersecured portion of liens pursuant to § 506(d) would give a Chapter 7 debtor an

---

**3.** Chapter 13 offers a delayed fresh start to individuals with a regular income whose debts are under specified levels. The fresh start is given after a plan is developed to budget debtor's future earnings to pay all or part of the debt. An incentive to use Chapter 13, which uses debtor's future earnings, is to gain the opportu-

nity to retain his property rather than liquidate it and to use the Chapter 13 provisions that are more favorable to debtor than Chapter 7 provisions.

Chapter 11 is generally used to rehabilitate businesses. *See generally, Collier on Bankruptcy,* 15th, para. 1300.02.

advantage not enjoyed under Chapters 13 and 11. *Id.*

Chapters 13 and 11 include provisions which protect creditors in cases where the Bankruptcy Code grants debtors limited rights to reduce creditor's liens. Under 11 U.S.C. § 1322(b)(2), pertaining to Chapter 13, the Bankruptcy Code does not allow the modification of rights of secured claimholders where the claim is secured in debtor's primary residence. *Id.* Under 11 U.S.C. § 1111(b)(2), pertaining to Chapter 11, the Code allows creditors to make an election which results in the allowance of a secured lien for the full extent of the original obligation. *Dewsnup,* 908 F.2d at 592. The majority view of § 506(d) would yield a "bonus" to debtors in Chapter 7, enabling Chapter 7 debtors to redeem their property but without any of the creditor protective provisions included in the nonliquidation forms of bankruptcy.

The majority view encourages debtors to use Chapter 7 in order to obtain the means to redeem their property instead of using the rehabilitative bankruptcy form of reorganization favored by Congress. Congress evidenced its intent to encourage individuals into Chapter 13 rather than Chapter 7 by its revisions to the Bankruptcy Code under the Bankruptcy Amendments and Judicial Reform Act of 1984. *Id.* (*citing Maitland,* 61 B.R. at 135). Moreover, such redemption is in conflict with congressional desire to exclude real property from the carefully limited redemption provision § 722.[4] *Id.* Section 722 is the only redemption provision for Chapter 7 debtors. 908 F.2d at 592. The majority view renders the careful limitations on redemption under § 722 to particular consumer goods meaningless if § 506(d) is to be construed so broadly. 61 B.R. at 134. This Court rejects the majority view allowing § 506(d) to avoid the undersecured portion of creditors' liens on abandoned property as inconsistent with congressional intent and public policy.

**4.** Title 11 of U.S.C. § 722 (1988) provides:
An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dis-

This Court finds that the purpose of § 506(d) is to assist the sale of property by either a bankruptcy trustee or a debtor-in-possession by extinguishing the undersecured portion of the lien, and that the purpose is not to allow debtor the means with which to redeem his property. *See also* 908 F.2d at 591–93; 61 B.R. at 134–35. This Court adopts the minority view of lien avoidance pursuant to § 506(d) as stated in *Maitland.*

### CONCLUSION AND ORDER

For the reasons stated herein, this Court finds that debtor Franklin Hargrove may not use 11 U.S.C. § 506(d) to void the undersecured portion of the liens on the real property that has been abandoned by the Bankruptcy Trustee. Accordingly, this Court REVERSES and REMANDS this case to the Bankruptcy Court so that an appropriate judgment might be entered in conformity with this opinion.

IT IS SO ORDERED.

chargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.