In re Glenn Scott WARNER, Debtor.

Glenn Scott WARNER, Appellant,

v.

UNITED STATES of America, Internal Revenue Service, Appellees.

UNITED STATES of America, Appellant,

v.

Glenn Scott WARNER, Appellee.

No. C-90-20381-RMW.

United States District Court, N.D. California.

June 12, 1992.

William T. McGivern, Jr., Jay R. Weill, Thomas F. Carlucci, Asst. U.S. Atty., San Francisco, Cal., for U.S.

James J. Gold, Norma L. Hammes, Gold & Hammes, San Jose, Cal., for debtor.

## ORDER AFFIRMING IN PART AND REVERSING IN PART FINAL ORDER OF BANKRUPTCY COURT

WHYTE, District Judge.

The United States of America and Glenn Scott Warner have filed cross-appeals from the order dated November 16, 1989 of the Bankruptcy Court. The United States submits that the Bankruptcy Court erred in applying 11 U.S.C. § 506(d) of the Bankruptcy Code to void the undersecured portion of a federal tax lien on Warner's residential real property which had been abandoned by the bankruptcy estate, and which Warner retained. Warner contends that the Bankruptcy Court erred in disallowing the deduction of his hypothetical costs of sale under 11 U.S.C. § 506(a) in determining the fair market value of his residential real property, even though he retained the property. These cross-appeals came on regularly for hearing before this court on June 12, 1992. For the reasons set forth below, this court REVERSES the Bankruptcy Court's voidance of the undersecured portion of the tax lien, and AFFIRMS the Bankruptcy Court's refusal to allow the deduction of Warner's hypothetical costs of sale.

### FACTS

The debtor, Glenn Scott Warner, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 27, 1986. Prior to the filing of this petition, Warner had incurred substantial tax liabilities in the amount of $61,674.27, which were assessed and perfected as liens against Warner's residential real property. Because Warner's petition was filed as a "no asset" Chapter 7, however, the Internal Revenue Service ("IRS") did not file a claim in the bankruptcy proceeding.

On March 4, 1987, Warner received a discharge, and his case was closed by the Bankruptcy Court on May 18, 1987. The Trustee in bankruptcy took no action either to sell or abandon the residential real property. Thus, at the close of the case, the residence was deemed abandoned to Warner.

On September 8, 1987, the case was reopened for the purpose of allowing the filing and hearing of Warner's Motion to Establish Fair Market Value of Security for Lien and Determine Said Lien's Extinguishment Upon Payment of Said Amount. After a hearing, the Bankruptcy Court determined that, on the date of filing the bankruptcy petition, the subject real property had a fair market value of $234,000. The Bankruptcy Court further found that the property was encumbered by liens, senior to that of the IRS in the amount of $215,259.66. Finally, pursuant to 11 U.S.C. § 506(d), the Bankruptcy Court voided that portion of the IRS's lien which was undersecured. *See* Order of Bankruptcy Court dated November 16, 1989. Warner and the United States both filed timely appeals.

## ISSUES

The two issues before this court are: (i) whether the Bankruptcy Court erred in applying 11 U.S.C. § 506(d) of the Bankruptcy Code to void the undersecured portion of a federal tax lien on Warner's residential real property which had been abandoned by the bankruptcy estate, and which Warner had retained, and (ii) whether the Bankruptcy Court erred in disallowing the deduction of Warner's hypothetical costs of sale in determining the fair market value of his residential real property under 11 U.S.C. § 506(a), even though Warner retained the property.

## STANDARD OF REVIEW

■ Here, the two issues presented on appeal are questions of law. The conclusions of law of the Bankruptcy Court are reviewed and subject to *de novo* review by the district court. *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

## DISCUSSION

*Issue # 1*

Soon after the parties filed their cross-appeals with this court, the parties learned that the Supreme Court had granted *certio-* *rari* in *Dewsnup v. Timm*, 908 F.2d 588 (10th Cir.1990), a case involving the interpretation of 11 U.S.C. § 506(d). The parties then stipulated to continue their appeals pending the Supreme Court's decision in *Dewsnup*. After the Supreme Court issued its decision on January 15, 1992, the parties submitted additional briefing to this court on the applicability of *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

■ After full consideration, the court finds that the principles enunciated by the Supreme Court in *Dewsnup* govern the dispute here. In *Dewsnup*, the Court resolved the existing split between the circuits in holding that Section 506(d) does not permit a lien to be "stripped down" to the value of the collateral determined in accordance with Section 506(a). *Dewsnup*, —— U.S. at ——, 112 S.Ct. at 778. Even though it found the text of Section 506(d) to be "ambiguous" as to its meaning, the Court found that Congress did not intend to depart from the pre-Bankruptcy Code rules that liens pass through bankruptcy unaffected. *Id.* (citations omitted). Thus, under *Dewsnup*, Section 506(d) allows a debtor to avoid a lien only if the underlying claim is disallowed, and not if a portion of the claim is deemed unsecured by operation of Section 506(a).

■ In the instant case, these principles are dispositive. Here, the IRS has a secured claim which was not disallowed. Therefore, the IRS lien against Warner's property cannot be "stripped down" to the value of Warner's equity at the time of filing the bankruptcy petition. This result is in accordance with the Supreme Court's finding that liens on real property pass through bankruptcy unaffected.

Warner attempts to distinguish *Dewsnup* on the grounds that *Dewsnup* involved a consensual mortgage lien, whereas this case involves a nonconsensual tax lien. He asserts that, unlike consensual liens, tax liens do not pass through bankruptcy unaffected. Warner's argument is unpersuasive for two reasons. First, the Supreme Court did not limit the application of its analysis to mortgage (or consensual) liens

only. Rather, the Court acknowledged the general rule that liens pass through bankruptcy unaffected. Second, the case law indicates that, to the extent a tax lien has attached to property before the filing of a petition in bankruptcy, later discharge in bankruptcy does not affect the right of the government to proceed against the property subject to the lien. *In re Braund,* 289 F.Supp. 604, 606–07 (C.D.Cal.), *aff'd,* 423 F.2d 718 (9th Cir.1970).

Accordingly, in light of the principles recently enunciated in *Dewsnup,* but unavailable to the Bankruptcy Court in rendering its order of November 16, 1989, the court REVERSES the Bankruptcy Court and holds that 11 U.S.C. § 506(d) does not allow Warner to "strip down" the tax lien against his residential real property to the value of the collateral.

*Issue #2*

In light of its decision reversing the Bankruptcy Court as stated above, the court finds that the second issue on appeal is moot. Assuming that 11 U.S.C. § 506(a) would apply to the property at issue here, Warner has argued that the Bankruptcy Court erred by not allowing the deduction of the hypothetical costs of sale of his residential real property under that section in determining such property's fair market value.

Contrary to Warner's position, the statute makes clear that "value" for purposes of Section 506(a) is determined in light of the purpose of the valuation and of the proposed disposition or use of the property. 11 U.S.C. § 506(a). Moreover, the legislative history states that " 'value' does not necessarily contemplate forced sale or liquidation value of the collateral." H.R.Rep. No. 595, 95th Cong., 1st Sess. 356 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6312; *see also* Sen. R. No. 989, 95th Cong., 2d Sess. 68 (1978), *reprinted in* U.S.C.C.A.N. 5787, 5854. Finally, case law supports the position that, when the debtor plans to retain his real property, selling costs should not be deducted from the fair market value of the property when valuing the

creditor's interest therein. *In re Case,* 115 B.R. 666 (9th Cir. BAP 1990).

Here, it is undisputed that Warner has chosen to retain his residential real property. Accordingly, the Bankruptcy Court properly determined that, under the circumstances of this case, it was not appropriate to deduct hypothetical costs of sale in determining the extent of the IRS's security in the property. This court hereby AFFIRMS the Bankruptcy Court's decision not to deduct such costs.

Accordingly,

IT IS ORDERED that the Bankruptcy Court's decision voiding the unsecured portion of the Internal Revenue Service tax lien on debtor Glenn Warner's residential real property is REVERSED, and the Bankruptcy Court's decision not to deduct hypothetical costs of sale in determining the fair market value of debtor Glenn Warner's residential real property in determining the value of the IRS's security therein is AFFIRMED.