**In re Daniel L. KOPPERSMITH, Ginger N. Koppersmith, Debtors.**

**Daniel L. KOPPERSMITH, Ginger N. Koppersmith, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 92–46974–H5–7.
Adv. No. 92–4727.

United States Bankruptcy Court, S.D. Texas, Houston Division.

July 22, 1993.

Nelson T. Hensley, Houston, TX, for debtors/plaintiffs.

Portia N. Rose, Dist. Counsel, I.R.S., Houston, TX, for defendant.

## MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court is the motion of the United States of America, Internal Revenue Service ("Defendant") for Summary Judgment, and responses thereto. This adversary proceeding was instituted by plaintiffs seeking to determine the extent of the IRS lien against the homestead and judgment discharging a portion of the tax lien pursuant to 11 U.S.C. §§ 506(a), 506(d), and 507(a)(7)(A)(i). This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a). This case is a core proceeding under 28 U.S.C. § 157(b)(2)(K). The Court, having considered the motion, the reply, the response thereto, and the

relevant case law, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiffs purchased the real property known as 2121 Colquitt, Houston, Harris County, Texas 77098. On November 16, 1988, which was more than three years before the date of filing of the Chapter 7 petition, the plaintiffs filed their 1987 joint federal income tax return. The tax deficiency, plus related penalties and interest, for the 1987 taxable year, were assessed on February 2, 1989, which date is more than 240 days before the plaintiffs filed their Chapter 7 petition.

2. On May 12, 1989, the Internal Revenue Service (IRS) properly filed a notice of federal tax lien in the office of the clerk of Harris County, Texas, pursuant to I.R.C. §§ 6321 and 6323, which reflected a lien against all of the plaintiffs' property and right to property, for their unpaid 1987 income tax, penalties, and interest in the total amount of $106,703.51.

3. On August 14, 1992, the plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The case is a "no-asset" Chapter 7 case. The plaintiffs have elected to claim exemptions in their bankruptcy case pursuant to the provisions of the Texas Property Code. They have claimed their homestead located at 2121 Colquitt as an exempt asset.

4. On or about October 2, 1992, a Notice to Creditors and Other Parties in Interest of the Need to File Claim was mailed allowing creditors ninety (90) days to file claims.

5. The IRS did not file a proof of claim pursuant to section 502(c) and Bankruptcy Rule 3004 (in liquidation the trustee or debtor may file a proof of claim if the creditor does not timely file).

6. On or about October 29, 1992, the plaintiffs filed an Amended Complaint to Determine Extent of Lien on Debtors' Homestead and Discharge Tax Liability. The plaintiffs requested this Court to determine the extent of the IRS' lien against the homestead and enter a judgment discharging the government's federal tax lien to the extent the lien exceeds the value of the property pursuant to 11 U.S.C. § 506 and 28 U.S.C. § 157(b)(2)(K).

7. The IRS contends that the plaintiffs have not indicated that they are disposing of the property, nor have they indicated that they are prepared to pay in full any amount determined to be due to the IRS as a result of a value placed on the IRS' valid lien.

8. The parties agree that the debtors are relieved of personal liability for income tax, interest, and penalties, for the 1987 taxable year.

9. The IRS further contends that debtors' exempt property remains subject to the valid federal tax lien pursuant to 26 U.S.C. § 6321 and 11 U.S.C. § 522(c).

10. Plaintiffs oppose defendant's motion for summary judgment, arguing that genuine issues of material fact, requiring trial, exist as to the value of the debtors' interest in the property, and the extent to which the IRS lien is secured and unsecured.

### Conclusions of Law

■ 1. Prior to the U.S. Supreme Court ruling in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), a split in the circuits existed on the issue of whether 11 U.S.C. § 506(d) permits a lien to be "stripped down" to the value of the collateral determined in accordance with section 506(a). In *Hargrove v. Edwards Co., Inc.*, 133 B.R. 765, 767 (Bankr.E.D.Va. 1991), the court analyzed this split between the circuits and found that:

> the majority of courts that have ruled on the issue, represented by the Third Circuit in *Gaglia v. First Federal Savings & Loan Ass'n*, 889 F.2d 1304 (3d Cir. 1989), have held that § 506(d) allows avoidance of the portion of the lien that exceeds the value of the property, whether or not the property has been abandoned by the trustee.

Alternatively, the *Hargrove* court found that a "strong minority of courts ruling on the issue, represented by the Tenth Circuit in *In re Dewsnup*, 908 F.2d 588 (10th Cir. 1990), *cert. granted, Dewsnup v. Timm*, 498 U.S. 1081, 111 S.Ct. 949, 112 L.Ed.2d

1038 (1991), have held that § 506(d) cannot be used to avoid liens on abandoned property to the extent the liens are undersecured." *Hargrove*, 133 B.R. at 767.

The Supreme Court resolved the issue finding that although the text of section 506(d) was ambiguous as to its meaning, Congress did not intend to depart from the pre-Bankruptcy Code rules that liens pass through bankruptcy unaffected. *Dewsnup*, —— U.S. at ——, 112 S.Ct. at 778–779. Consequently, section 506(d) allows a debtor to avoid a lien only if the underlying claim is disallowed, and not if a portion of the claim is deemed unsecured by operation of section 506(a). *Dewsnup*, —— U.S. at ——, 112 S.Ct. at 777; *see also In re Warner*, 146 B.R. 253 (N.D.Cal.1992) (holding that where IRS had a secured claim which was not disallowed, the IRS lien against debtor's property could not be "stripped down" to the value of the debtor's equity at the time of filing the bankruptcy petition because liens on real property pass through bankruptcy unaffected).

2. Plaintiffs, primarily relying on *In re Zlogar*, 101 B.R. 1 (Bankr.N.D.Ill.1989), to resolve the issue of whether a debtor can use section 506(d) to strip down liens on property, contend that *Dewsnup* is not on point because the creditor's claim in that case was fully allowed, whereas in the instant case, the IRS' claim is not allowed under 11 U.S.C. § 502 because the IRS failed to file a proof of claim.

Although a minority view requires that a proof of claim be filed prior to lien avoidance under § 506(d), most courts do not impose this requirement. The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984), changed section 506(d) to make clear that a lien would survive notwithstanding the failure of the holder to file a proof of claim. 3 Collier on Bankruptcy, ¶ 506.07 at p. 506–73 (15th ed. 1991). Although the issue remained unresolved following the amendments, since *Zlogar* was decided prior to the U.S. Supreme Court decision, it is not applicable. Furthermore, in liquidation, the debtor or trustee may file a proof of claim pursuant to 11 U.S.C. § 501(c) if the holder of the claim has not timely filed.

■ 3. A fundamental premise of section 506(a) is that a claim is subject to reduction in security only when the estate has an interest in the property. *Dewsnup*, —— U.S. at ——, 112 S.Ct. at 776 (citing *In re Dewsnup*, 908 F.2d 588, 590–591 (10th Cir.1990)). Based on the legislative history, "property ceases to be property of the estate, such as by sale, abandonment, or exemption." *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 5, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6299. Therefore, section 506(a) does not apply to homestead property claimed as exempt. Since plaintiffs have claimed their homestead as an exempt asset, section 506(a) is not applicable and, consequently, the IRS lien may not be stripped down to the value of the property.

■ 4. Properly filed tax liens continue against exempt property unaffected by the bankruptcy under 11 U.S.C. § 522(c)(2)(B). *See In re Verma*, 91 B.R. 17 (Bankr. W.D.Pa.1987) (holding that "debtors could not avoid statutory tax lien which had attached to property by claiming property exempt as their residence, as statute specifically excepts statutory tax lien debts from discharge and exemption"); *In re Rench*, 129 B.R. 649, 651 (Bankr.D.Kan.1991), citing *In re Gerulis*, 56 B.R. 283 (Bankr. D.Minn.1985), (holding that "§ 522(c)(2)(B) prevents avoidance of a lien for tax penalties, where the IRS has properly filed notice of tax lien").

The legislative history clearly demonstrates Congress' intent to except tax liens and to adhere to the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), which is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 5, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5862. In *In re Rouse*, 141 B.R. 218, 221 (Bankr. W.D.Okla.1992) the court expresses the view that:

the Congress, in the clear and unequivocal language of § 522(c)(2)(B), intended to preserve the validity of a properly perfected pre-petition tax lien, against

exempt property of the debtor, whether or not the underlying tax obligation is dischargeable or has been discharged, just as would be the case with a properly perfected pre-petition mortgage lien. Only the personal liability of the debtor for the obligation would be discharged.

5. The dischargeability of pre-petition tax liabilities was considered by the court in *In re Millsaps*, 133 B.R. 547 (Bankr. M.D.Fla.1991). The court found that the Bankruptcy Code, under section 523(a)(1)(A), provides that a discharge under section 727 does not discharge individual debtors from taxes of the kind and for the periods specified in section 507(a)(7). "Conversely, unless the tax obligations fall into one of the § 507(a) categories, they are discharged as *personal obligations.*" Regardless of whether the personal pre-petition tax obligations are discharged, however, exempt real property remains subject to any properly filed tax liens, pursuant to section 522(c)(2)(B). *Millsaps*, 133 B.R. at 550.

After reviewing the pleadings and the relevant case authority, it is the conclusion of this Court that the defendant's motion for summary judgment should be **GRANTED.**