# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDDIE VAN OLIVER, III, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-04074 (UNA) |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. As discussed below, the Court denies Plaintiff's IFP Application, and it dismisses this case without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Parties instituting a civil action are required to pay the applicable filing fee, 28 U.S.C. § 1914(a), unless granted IFP status under § 1915. Whether to permit or deny an application to proceed IFP is within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *McKelton v. Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). But a party should demonstrate that because of poverty, the party cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of life." *Id*. at 719–20 (internal quotation marks omitted). "[C]ourts will generally look to whether

the person is employed, the person's annual salary, and any other property or assets the person may possess." *Lin v. Dist. of Columbia*, No. 16-cv-645, 2020 WL 7695973, at *1 (D.D.C. Dec. 28, 2020) (citation omitted).

Although Plaintiff attests that he is not currently earning any income, that he pays monthly rent and utilities, and that he owes student loan debt and is responsible for three dependents, he also attests that he possesses nearly $185 million dollars in stocks and other assets. *See* IFP App. at 1–2. Accordingly, he has not made the requisite showing to proceed IFP, and his Application is denied.

With respect to the Complaint, Plaintiff, a resident of Ohio, sues approximately 14 defendants, including the United States, various federal agencies, the U.S. Marine Corps, Democratic Party, countries, continents, and the National Football League. *See* Compl. at 1–2. The Complaint totals 439 pages, including prolific accompanying unexplained exhibits, ECF Nos. 1-1 through 1-26, that contravene D.C. Local Civil Rule 5.1(e), (g). The allegations are rambling and difficult to discern. It appears that Plaintiff challenges the Federal Bureau of Investigation's purported determination not to investigate multiple alleged suspicious incidents that are of apparent concern to Plaintiff, involving, for example, Russian spies, the Buffalo? Bills, the federal government, international borders, a high school in Virginia, and his neighbor. *See id.* at 3–4. He demands that the FBI investigate these people, places, and things. *See id*. at 4.

First, the Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint because it is frivolous. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v.*

*Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

Second, even if Plaintiff's allegations had merit, the Court lacks jurisdiction to compel an investigation by any law enforcement agency. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct an investigation and such decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:   March 12, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge