In re Paul D. CULLEN, d/b/a Paul Cullen Plumbing & Heating and Patricia Cullen, Debtors.

Paul D. CULLEN, d/b/a Paul Cullen Plumbing & Heating and Patricia Cullen, Movants,

v.

REDLON & JOHNSON SUPPLY, INC., Respondent.

Bankruptcy No. 92–20405.

United States Bankruptcy Court, D. Maine.

Jan. 12, 1993.

Barry E. Schklair, Portland, ME, for debtor/movant.

Stanley F. Greenberg, Greenberg & Greenberg, Portland, ME, for respondent.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

On April 8, 1992, Paul and Patricia Cullen ("Debtors") filed their joint petition pursuant to 11 U.S.C. Chapter 13, listing on their schedules of assets certain residential real estate with a fair market value of $95,000.00,[1] and an outstanding balance on two mortgages of $98,894.00.[2] Thus, as of case commencement, Debtors enjoyed no equity in that property even in the absence of a post-judgment attachment executed pre-petition by Redlon & Johnson ("R & J") which, as of April 7, 1992, was in the amount of $50,278.46. Debtors' schedules list R & J as the holder of a general unsecured claim, although Debtors subsequently disclose therein that R & J "placed a lien on Debtor's homestead."

Debtors claim a $15,000.00 total exemption in this property as their homestead, pursuant to 14 M.R.S.A. § 4422(1)(A).[3] On June 22, 1992, Debtors moved to avoid R & J's lien pursuant to 11 U.S.C. § 522(f), which provides in pertinent part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; . . .

R & J opposed the motion on the basis that their lien does not "impair an exemption," because Debtors lack equity in the property. Some courts have concluded that a debtor must have equity in property before an exemption is "impaired" within the meaning of § 522(f), while other courts have discarded this requirement.

For purposes of this case, this Court won't examine the necessity of equity un-

---

1. In their schedules, Debtors listed the property as having a value of $150,000.00. However, they have submitted an appraisal in connection with this motion which values the property at $95,000.00 on June 8, 1992, two months after the filing. This Court finds that the current value of $95,000.00 also reflects the property's worth at the time of filing, due to the proximity of the appraisal date with the date of filing. Respondent does not dispute this value.

2. The facts have been presented to this Court by stipulation of the parties.

3. Maine has elected to "opt out" of the federal exemptions provided in title 11. 14 M.R.S.A. § 4426.

der § 522(f) because this Court is satisfied that, under § 506(d), R & J does not have a valid, existing lien. Section 506(d) provides, in pertinent part: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void ..." This Court believes that "allowed secured claim" refers to § 506(a), which provides in pertinent part:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim ...

In essence, §§ 506(a) and (d) combine to provide for a type of "lien stripping." To the extent a secured claim exceeds the value of the underlying collateral at the commencement of the bankruptcy case, it is an unsecured claim and the corresponding portion of the claimant's lien is deemed void. Thus, R & J's claim is unsecured because the collateral value was insufficient to support the lien as of case commencement.

It must be noted that in its recent decision, *Dewsnup v. Timm,* — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), the Supreme Court held that under § 506(d) an undersecured creditor's mortgage lien could not be "stripped down" by a Chapter 7 debtor to the judicially-determined value of the collateral. Instead, the lien was preserved in order for the creditor to reap any potential appreciation of the collateral pending a foreclosure sale. While the debtor's personal liability was discharged in the bankruptcy, the creditor retained its *in rem* action against the property, as the lien passed through the bankruptcy unaffected.

The *Dewsnup* decision raised as many questions as it answered. For several reasons, this Court believes that *Dewsnup*'s prohibition against lien stripping is limited and not binding in the present case. First, the Supreme Court clearly made its holding applicable only to the particular facts before it, allowing "other facts to await their legal resolution on another day." *Id.* at

—, 112 S.Ct. at 778, 116 L.Ed.2d at 911. Further, *Dewsnup* involved a consensual mortgage lien. Under contractual theories the Court noted that the lien should remain with the property because "[t]hat is what was bargained for by the mortgagor and the mortgagee." *Id.* Whereas R & J is a judgment creditor, such policy considerations underlying contract law are inapplicable.

The more common issue regarding lien stripping in Chapter 13 cases involves mortgage holders who argue that the specific prohibition in § 1322(b)(2) against the modification of "a claim secured only by a security interest in real property that is the debtor's principal residence" takes precedence over the more general provisions found in §§ 506(a) and (d). Here, R & J's claim is not secured by a "security interest," as that term is defined in § 101(51) which reads: " 'security interest' means lien created by an *agreement.*" (emphasis added). Because R & J's lien is nonconsensual, it does not fall within § 1322(b)(2)'s prohibition, and thus the issue as to the whether a Chapter 13 debtor may strip down a security interest in a debtor's principal residence is not decided today.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall issue.

## ORDER

Upon the Motion to Avoid Lien filed by the above-captioned debtors to avoid the judgment lien of Redlon & Johnson Supply, Inc., in accordance with a Memorandum of Decision executed on even date herewith, it is hereby

ORDERED that the judgment lien of Redlon & Johnson Supply, Inc. is deemed void pursuant to § 506(d) for the reasons stated in the Memorandum of Decision.