**In re Joseph MADJERAC and
Antoinette Madjerac,
Debtors.**

**Bankruptcy No. 93–20256(7).**

United States Bankruptcy Court,
D. Maine.

Aug. 10, 1993.

Daniel R. Felkel, Richardson & Troubh, Portland, ME, for debtors.

Robert F. MacDonald, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for First NH Bank.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

On March 30, 1993, Joseph and Antoinette Madjerac (the "Debtors") filed a petition under 11 U.S.C. Chapter 7. On the date of filing, the Debtors owned three parcels of real estate, each encumbered by the cross-collateralized first mortgage of First New Hampshire Mortgage Corporation ("First N.H.") in the amount of $2,100,000.00. The properties were also encumbered by the attachment lien of Fleet Bank of Maine ("Fleet") in the amount of $72,802.38 as against Joseph Madjerac and $52,694.27 as against Antoinette Madjerac. The parties have stipulated that the total value of the three properties is $1,852,-000.00. Consequently, First N.H.'s mortgages far exceed the value of the properties such that, even excluding Fleet's attachment lien, there is no equity in the properties. The Debtors have filed a motion to avoid Fleet's lien, alleging that the lien is completely unsecured and therefore should be deemed void under 11 U.S.C. § 506(a) and (d).

There is no basis to distinguish the facts of this case from those of *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), in which the Supreme Court held that a Chapter 7 debtor could not, through 11 U.S.C. § 506(a) and (d), "strip down" a creditor's lien to the value of the collateral securing the lien. This Court rejects the Debtors' argument that *In re Cullen*, 150 B.R. 1 (D.Me.1992), should be broadened to include Chapter 7 cases. *Cullen* recognized that in *Dewsnup*, a Chapter 7 proceeding, the Supreme Court made its holding applicable only to the particular facts before it. Implicit in *Cullen* was the fact that it was a Chapter 13 case, thereby rendering *Dewsnup* inapplicable. *See In re Jones*, 152 B.R. 155 (D.Mich.1993) (enumerating reasons why *Dewsnup* does not apply in Chapter 13 cases). The language discussing judicial liens bolstered that decision, recognizing that certain policies considered by the Supreme Court would not be violated. However, *Cullen* was decided in the context of Chapter 13 and the policy considerations therein and, thus, cannot be extended to apply to this Chapter 7 debtor.

Since *Dewsnup*, other courts have addressed the issue and have not allowed lien stripping of consensual or non-consensual liens in Chapter 7 cases. *See Matter of Windham*, 136 B.R. 878 (D.Fla.1992); *In re Wise*, 151 B.R. 116 (D.Ohio.1992); *In re Jablonski*, 139 B.R. 150 (D.Pa.1992); *In re Warner*, 146 B.R. 253 (D.Cal.1992). Accordingly, this Court will apply the holding of the Supreme Court in *Dewsnup* to the case at hand.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052. An appropriate order shall enter.

## ORDER

Pursuant to a Memorandum of Decision of even date herewith, it is hereby

ORDERED that the Debtors' motion to avoid judgment lien of Fleet Bank of Maine is denied.