**In re Tyrus Wilson PLACE, Jr. and Deborah Place.**

**Bankruptcy No. 94–41016 S.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Oct. 18, 1994.

Michael Knollmeyer, Jacksonville, AR, for debtors.

Stacey McCord, Asst. U.S. Atty., Little Rock, AR, for IRS.

---

1. Of course, the debt is reduced by the amount debtors in fact paid during the Chapter 13 case.

Richard Ramsey, Trustee, Little Rock, AR.

## ORDER DENYING MOTION TO AVOID LIEN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion to Avoid Lien, filed on July 7, 1994. The debtor seeks to avoid federal tax liens assertedly because they impair an exemption in their homestead property. The parties have stipulated to the facts and submitted briefs in support of their respective positions. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

The Internal Revenue Service ("IRS") filed federal tax liens against the debtors on January 22, 1990, March 23, 1990, July 19, 1990, and May 3, 1994, for unpaid federal income taxes for the 1984, 1985, and 1986 taxable years. The petition indicates that the debtors owe the IRS approximately $30,000. The debtors own a small parcel of real estate upon which their mobile home rests. The value of the property is $6,000, with $1,349.27 debt on the land. The property is scheduled as exempt inasmuch as it is the debtors' homestead.

The debtors assert that the federal tax lien should be "stripped down" to the value of the equity in their homestead. In *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), the Supreme Court indicated that a debtor could not "strip down" the lien of a creditor to the value of the collateral.[1] Subsection 506(d) provides that "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void" unless certain exceptions exist. The Supreme Court indicated that the term "allowed secured claim" meant "any claim that is, first, allowed, and second, secured." The Court reasoned that since the claim at issue was allowed, and was "secured by a lien with recourse to the underlying collateral" it did not

come within the purview of § 506(d): Section 506(d) simply existed to void those liens on claims which have not been "allowed." In light of this holding, the courts have consistently held that a debtor may not strip down a creditor's lien to the value of the collateral, real or personal, under section 506(d). *See e.g., In re Willis*, 157 B.R. 617 (Bankr. N.D.Ohio 1993); *In re Madjerac*, 157 B.R. 499 (Bankr.D.Me.1993). Thus, the debtors may not avoid the federal tax lien. *See In re Warner*, 146 B.R. 253 (N.D.Cal.1992); *Deming v. Internal Revenue Service (In re Deming )*, No. 92–17755F, 1994 WL 677421, 1994 Bankr.Lexis 1129 (Bankr.E.D.Pa. July 13, 1994); *In re Doviak*, 161 B.R. 379 (Bankr. E.D.Tex.1993); *In re Swafford*, 160 B.R. 246 (Bankr.N.D.Ga.1993); *Koppersmith v. United States (In re Koppersmith )*, 156 B.R. 537 (Bankr.S.D.Tex.1993); *Rombach v. United States (In re Rombach )*, 159 B.R. 311 (Bankr.C.D.Cal.1993).

**ORDERED** that the Motion to Avoid Lien, filed on July 7, 1994, is DENIED.

**IT IS SO ORDERED.**

---

**1.** The single post-*Dewsnup* case cited by the debtors, *In re Richards*, 151 B.R. 8 (Bankr.D.Mass. 1993), was effectively overruled by *Nobelman v. American Savings Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).