In re Heather BURNETT, Debtor.

No. 08–08519–PB13.

United States Bankruptcy Court,
S.D. California.

April 2, 2010.

**518**

Michael G. Doan, Doan Law Firm, Carlsbad, CA, for debtor.

Jenny Judith Ha, Office of Chapter 13 Trustee, San Diego, CA, for Thomas Billingslea, Jr.

## MEMORANDUM DECISION

PETER W. BOWIE, Chief Judge.

By entered Order, a judge of this court granted debtor's Motion to Value Collateral and avoid a junior trust deed on the debtor's residence. That Order provided in relevant part:

3) Upon confirmation and completion of the Debtor's Chapter 13 plan, said lien will be deemed void pursuant to 11 U.S.C. § 1322(b)(2), and JP Morgan Chase, N.A., Chase Home Finance shall take all steps necessary and appropriate to release their security interest and remove their lien from the San Diego County Recorder's Office;....

Thereafter, disagreement arose between debtor's counsel and the Chapter 13 Trustee concerning the correct language to be included in the Confirmation Order. The. Trustee filed a Case Status Statement which stated:

The Trustee rejected as defective the Application for Initial Fees and Order Approving Plan because such proposed order lacked an addendum referring to Paragraph 19 of the plan and among other things failed to indicate that upon completion of the plan and debtor's discharge the debt of the junior deed of trust would be deemed satisfied....

Debtor's counsel and the Chapter 13 Trustee disagree as to when the lien strip becomes effective. The Chapter 13 Trustee takes the position that debtor must complete the plan and obtain a discharge.

Paragraph 19 of debtor's proposed plan states:

19. Other Provisions: Debtors will be commencing a lien stripping action against the creditor named below pursuant to 11 USC 1322 and 11 USC 506(d) since the lien is completely undersecured since the first deed of trust exceeds the fair market value of the property. Upon confirmation, creditor will be deemed to accept the allowed secured value and Fair Market Value of its security interest set forth below and pursuant to this provision will be binding, unless creditor timely objects and the court orders otherwise. *This provision is in no way meant to contest the validity, extent, or priority of the creditor's lien, but rather, solely in furtherance of an action to be filed to strip off a creditor's wholly unsecured lien through a valuation process under 506(a), 1322(b)(2) and Rules 3012 and 9014.* See *In re Millspaugh,* 302 B.R. 90, 2003 Bankr.LEXIS 1779 (Bankr.D.Idaho 2003).

(Emphasis added.)

The Chapter 13 Trustee thereafter lodged his own proposed form of Confirmation Order which recited that the debt to the senior lienholder exceeded the value of the debtor's residence and:

(d) as a result and pursuant to section 1322(b)(2) the Creditor's lien may be modified and stripped by this Plan;

(e) under the Plan, the Creditor will be treated and paid as unsecured creditor; and

(f) upon completion of the Plan and Debtor's discharge, the debt to Creditor secured by Creditor's Second Trust Deed shall be deemed fully satisfied and Creditor shall take all steps necessary and appropriate to reconvey and release the Second Trust Deed against the Home.

Debtor's counsel promptly filed opposition to the Trustee's proposed order, and submitted an alternative. The Opposition stated in relevant part:

3. The Trustee presents a falsity before this Court by misrepresenting the prior Court Order dated 11/17/08. Specifically, the Trustee alleges a new requirement of "debtors' discharge," when in fact no such provision was previously entered by the Court and which now contradicts the previous Court Order. Paragraph "f" of that previous order specifically provided:

"Upon confirmation and completion of the Debtor's Chapter 13 plan, said lien will be deemed void pursuant to 11 USC 1322b2, and JP Morgan Chase, N.A., Chase Home Finance shall take all steps necessary and appropriate to release their security interest and remove their lien from the San Diego County Recorder's Office;"

4. There has never been a motion to reconsider the previous order or appeal on the same, thus it is a final order and can not be modified.

Of some considerable irony, and inconsistency, immediately after asserting the lien strip order was final and could not be modified—an order that recited that upon confirmation and completion of the plan, the lien would then be stripped pursuant to 11 U.S.C. § 1322(b)—debtor's counsel then argues that the final, unappealed, non-modifiable order is wrong because:

5. Debtor's position is that lien stripping takes place by 506(d) and not by plan provision. Debtor asserts that 1322(b)(2) does net trigger lien avoidance at all, but merely does not prohibit lien avoidance, since the junior lien is not a secured claim at all per *In re Zimmer*, 313 F.3d 1220 at 1223 (9th Cir.Cal.2002). 506(d) contains no requirements for plan completion, . . . , or

discharge, and is consistent with the Supreme Court cases of *Dewsnup v. Timm* and *Nobelman v. American Savs. Bank.* Debtor requests to further brief the court on this matter if the Court disagrees 506(d) applies.

Debtor's proposed Confirmation Order was silent as to the lien strip Order or paragraph 19 of debtor's plan, except as to attorney's fees.

*Jurisdiction*

This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

■ A threshold question is raised by debtor's assertion that the lien strip order is a final nonmodifiable order. If it is, then neither the debtor nor the Chapter 13 Trustee can now argue its provisions, and the debate which has ensued is academic, for purposes of this case.

The Court concludes, however, that the lien strip order is not a final order, but rather interlocutory. Debtor proposed in paragraph 19 of her plan to seek a lien strip. The lien strip granted was pursuant to § 1322(b), and contemplated that it was part of debtor's plan (specifically paragraph 19). Further, the lien strip order provided that the strip would be effective upon completion of the plan. Consequently, the debtor's proposed plan, as well as the court's lien strip order contemplated it was subsumed by and included within the four corners of the plan and plan confirmation process. The plan confirmation order—or its denial—becomes the appealable order in such a situation. Accordingly, the Court will address the issues raised by the parties.

The issues raised by the Trustee are: 1) the Chapter 13 plan is the operative vehicle for a lien strip; 2) where a debtor is eligible for a discharge the debtor must complete the plan and receive a discharge. The debtor argues: 1) the lien strip occurs under § 506(d); 2) the lien strip is effective when the order is entered or the date of confirmation; 3) discharge is not required for lien strip.

At the outset, the Court notes that both parties and courts around the country are attempting to find their way through the multiple, sometimes conflicting provisions of the Bankruptcy Code, which have been made even more confusing by court decisions such as *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

■ That said, much of debtor's Supplemental Brief is focused on arguing that notwithstanding the language of the lien strip order entered in this case, the lien strip really was made pursuant to 11 U.S.C. § 506(d). Putting aside for the moment the issue of whether § 506(d), alone, can effectuate a lien strip in a Chapter 13 case after *Dewsnup* (a Chapter 7 case) because of the express provision of 11 U.S.C. § 103, in this case the debtor chose her path towards a lien strip as a part of her Chapter 13 plan by express inclusion in paragraph 19 of her plan, as well as her invocation both in her plan and her lien strip motion of § 1322(b). As already noted, paragraph 19 of debtor's proposed plan states in relevant part:

> This provision is in no way meant to contest the validity, extent, or priority of the creditor's lien, but rather, solely in furtherance of an action to be filed to strip off a creditor's wholly unsecured lien through a valuation process under 506(a), 1322(b)(2) and Rules 3012 and 9014. See *In re Millspaugh,* 302 B.R. 90, 2003 Bankr.LEXIS 1779 (Bankr.D.Idaho 2003)

In her pleadings moving for avoidance of the lien, the debtor invoked her paragraph 19, as well as § 1322(b). In other words, debtor chose the plan process as the path to lien avoidance. In her Supplemental Brief, debtor states:

> Presently, extensive authority exists in this Circuit for lien avoidance in Chapter 13 either by 1322(b)2 or 506(d). Movants *do not disagree* that 1322(b)(2) is one possible method for avoidance, and which arguably would require plan completion.

Whatever may be the merits of debtor's argument that § 506(d) provides a separate and independent path to lien avoidance in a Chapter 13 case, debtor chose to travel the path of her Chapter 13 plan and § 1322(b)(2). Having done so—and succeeded—debtor cannot now be heard to say "no, I meant to take the other route". The § 506(d) issue debtor attempts to raise in this case will have to await a case that squarely presents the issue. This case does not.

As noted, the lien strip order provided that the lien would be avoided pursuant to § 1322(b)(2) upon confirmation and completion of the plan. As quoted above, debtor acknowledges that if she traveled the § 1322(b)(2) path, avoidance "arguably would require plan completion", which is what the lien avoidance order provides. The issue here is really raised by the Chapter 13 Trustee's insistence on adding a requirement of resulting discharge, at least where there is no legal impediment to a discharge (e.g., § 1328(f)).

This Court believes discharge is a desirable condition for a § 1322(b)(2) lien strip, but the Court does not have the authority to impose it. In the Court's view, the Trustee's argument defeats itself because it separates cases where a debtor is eligible for a discharge from those where a

debtor is not. If there were a requirement that a debtor had to be eligible for a discharge in order to file a Chapter 13 case, much less a lien strip motion within a Chapter 13 case, it is for Congress to impose via amendment to 11 U.S.C. § 109. Indeed, the Trustee regularly files motions in Chapter 13 cases for a determination that a debtor is not eligible for a discharge because the debtor had received a discharge in another case within the time parameters of § 1328(f). Nowhere in those motions has the Trustee contended the debtor is ineligible to file at all.

■ This Court agrees with those other courts that have concluded that the unavailability of a discharge is not an issue of eligibility to file a Chapter 13 case. See, e.g., *In re Lewis,* 339 B.R. 814 (Bankr. S.D.Ga.2006); *In re Bateman,* 515 F.3d 272 (4th Cir.2008).

The Trustee cites to *In re Jarvis,* 390 B.R. 600 (Bankr.C.D.Ill.2008), to *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), and *In re Akram,* 259 B.R. 371 (Bankr. C.D.Ca.2001) in support of his argument that a discharge is required. Those cases are important cases to the circumstance when a debtor is not eligible for a discharge, but they actually support the proposition that eligibility for a discharge is not an eligibility prerequisite to being able to file a Chapter 13 case, whether under 11 U.S.C. § 109 or otherwise. Rather, they speak to the relief a debtor can seek in a Chapter 13 when no discharge is available, most commonly in what is colloquially called a "Chapter 20" case. That is, the debtor has received a discharge in a Chapter 7 case, then files a Chapter 13 within the time period set in 11 U.S.C § 1328(f) prohibiting a further discharge.

■ The instant case is not a "Chapter 20", and the Court is not aware of any reason why this debtor would not be eligible for a discharge after completion of her plan. If she does not complete her plan and earn the resulting discharge, and her case is at some point dismissed, all her less than fully paid obligations spring back as on-going liabilities, with all accruals under applicable non-bankruptcy law of interest and the like, as if no bankruptcy had been filed. *In re Pardee,* 218 B.R. 916 (9th Cir. BAP 1998); *In re Lilly,* 378 B.R. 232 (Bankr.C.D.Ill.2007).

■ All Chapter 13 cases are required to have been filed in good faith (§ 1325(a)(7)), and any plan must be proposed in good faith to be eligible for confirmation (§ 1325(a)(3)). To the extent a debtor seeks to use a Chapter 13 plan to obtain some form of relief, such as a lien strip pursuant to § 1322(b)(2), a court is obliged to assess a debtor's good faith both in filing the case and proposing a plan. Where a debtor is eligible for a discharge and has otherwise met the confirmation requirements of § 1325 that should only occasionally involve challenges to the debtor's good faith. Where a debtor is not eligible for a discharge, however, the analysis of both facets of the debtor's good faith may be more exhaustive.

*Conclusion*

■ For all the foregoing reasons, the Court finds and concludes that debtor voluntarily chose to take the plan route via her paragraph 19 and invocation of 11 U.S.C. § 1322(b)(2) to avoid the junior trust deed. Therefore, debtor's argument concerning the availability of § 506(d) will have to await a case in which the issue is squarely presented. Further, the Court finds and concludes that the availability of a discharge in Chapter 13 is not, in itself, a requirement for eligibility to file a Chapter 13 case or, within that case to seek a lien avoidance pursuant to § 1332(b)(2).

522

Accordingly, the Court will sign an order of confirmation consistent with the foregoing and with the lien strip order if one is presented within thirty (30) days of the date of entry of this Memorandum Decision.

IT IS SO ORDERED.