**In re Patricia Marie CASEY, Debtor.**

**Christine Grandstaff, her successors and/or assigns, Movant.**

**v.**

**Patricia Marie Casey, Mary J. Jones, Thomas H. Billingslea, Jr., Chapter 13 Trustee, Respondents.**

**No. 10–00367–LA13.**

United States Bankruptcy Court, S.D. California.

April 19, 2010.

Kristin Lamar, Doan Law Firm LLP, Carlsbad, CA, for Debtor.

Jenny Judith Ha, Thomas Billingslea, Jr., Ch. 13 Trustee, San Diego, CA, for Trustee.

## ORDER ON MOTION FOR RELIEF FROM STAY

PETER W. BOWIE, Chief Judge.

Creditor Christine Grandstaff has moved for relief from the automatic stay so she can foreclose on her third position

trust deed. Debtor has valued the property in her Schedules at $230,000, and according to Grandstaff there is a $218,000 first position note, and a $236,000 second ahead of Grandstaff's third position note for $20,000, which has grown to $30,698. Debtor agrees there is no equity in the property to which Grandstaff's lien may attach, but offers different figures and creditors.

At the core of Grandstaff's motion is the assertion that debtor is not eligible for a discharge in Chapter 13 because she received a discharge in Chapter 7 in 2009. The fact of the discharge is not controverted, nor is the legal conclusion, because 11 U.S.C. § 1328(f) expressly so states. Grandstaff's next argument is that debtor cannot use the lien strip mechanisms of the Bankruptcy Code precisely because she is not eligible for a discharge. Grandstaff asserts that she is therefore entitled to relief from stay.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

■ Grandstaff's core proposition reaches too far. In essence, she says that if a debtor cannot receive a discharge, a debtor cannot file a Chapter 13 case and avail herself of the features of a Chapter 13 proceeding. Such an argument asserts, in effect, that a debtor has to be eligible for a discharge in order to be eligible to file a Chapter 13 petition. This Court disagrees, and joins others who have persuasively held that availability of a discharge is not an issue of eligibility to file a Chapter 13 case. *In re Bateman,* 515 F.3d 272 (4th Cir.2008); *In re Lewis,* 339 B.R. 814 (Bankr.S.D.Ga.2006).

■ Grandstaff cites to *In re Jarvis,* 390 B.R. 600 (Bankr.C.D.Ill.2008), to *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), and *In re Akram,* 259 B.R. 371 (Bankr. C.D.Cal.2001) in support of her argument that a discharge is required. Those cases are important cases to the circumstance when a debtor is not eligible for a discharge, such as here. However, they actually support the proposition that eligibility for a discharge is not an eligibility prerequisite to being able to file a Chapter 13 case, whether under 11 U.S.C. § 109 or otherwise. Rather, they speak to the relief a debtor can seek in a Chapter 13 when no discharge is available, most commonly in what is colloquially called a "Chapter 20" case. A "Chapter 20" case is one where a debtor has received a discharge in a Chapter 7 case, and then files a Chapter 13 within the time period set in 11 U.S.C. § 1328(f) prohibiting a further discharge. This case is a "Chapter 20" case.

A central issue of a "Chapter 20" case is whether "the action of the debtor in filing the petition was in good faith" [11 U.S.C. § 1325(a)(7)], and whether "the plan has been proposed in good faith and not by any means forbidden by law" [§ 1325(a)(3)]. In order to understand the parameters of those good faith tests, it is important to understand what happens at the end of a Chapter 13 case where a debtor is not eligible for a discharge. The Ninth Circuit has recognized:

A Chapter 13 case concludes in one of three ways: discharge pursuant to § 1328, conversion to a Chapter 7 case pursuant to § 1307(c) or dismissal of a Chapter 13 case "for cause" under § 1307(c).

*In re Leavitt,* 171 F.3d 1219, 1223 (9th Cir.1999).

■ If a debtor successfully completes a Chapter 13 plan and is eligible for

a discharge, the debtor receives a discharge from liability for all dischargeable debts, regardless of how little was paid on them through the life of the plan. If a debtor is not eligible for a discharge, however, then the case has to end some other way, as the Ninth Circuit stated. One way might be conversion to Chapter 7, but as the *Leavitt* court recognized, conversion is not possible where the debtor had received a Chapter 7 discharge less than 7 years before [now 8 years, under § 727(a)(8) ]. So discharge under Chapter 13 and conversion are out of consideration. That leaves dismissal. Section 1307(c) of Title 11, United States Code, provides a nonexhaustive list of grounds for dismissal for cause, including "unreasonable delay by the debtor that is prejudicial to creditors". Moreover, 11 U.S.C. § 349, made applicable to Chapter 13 cases by 11 U.S.C. § 103, describes the effect of dismissal, and makes clear that dismissal restores as completely as possible the *status quo* at the time of filing. In relevant part, it states:

(b) . . . a dismissal of a case—

    (1) reinstates—

        (A) any proceeding . . .

        (B) any transfer provided under section 522, 544, 545, 546, 548, 549 or 724(a) . . .

        (C) any lien avoided under section 506(d) of this title;

    (2) vacates any order, judgment, or transfer ordered, . . . , and

    (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

■ Under the Bankruptcy Code, there are two ways to make an enforceable debt go away permanently. One is to pay it, in full The other is to obtain a discharge of any remaining obligation. In the case of a

"Chapter 20", there can be no discharge, and conversion is not an option. Dismissal is the necessary result, without discharge, when a debtor performs a plan that leaves one or more debts wholly or partially unpaid. Any other outcome would give the debtor a *de facto* discharge when by statute no discharge is available.

A case that graphically illustrates the foregoing is *In re Lilly*, 378 B.R. 232 (Bankr.C.D.Ill.2007). That case was a Chapter 20, and in the Chapter 13 the debtor proposed to reduce the contract rate of interest on a vehicle for the life of the plan. There, the court observed:

Where a debtor does not receive a discharge, however, any modifications to a creditor's rights imposed in the plan are not permanent and have no binding effect once the term of the plan ends. *See In re Ransom*, 336 B.R. 790 (9th Cir. BAP 2005) (post petition interest on nondischargeable student loan continued to accrue at the contract rate and could be collected after Chapter 13 case terminated); *In re Holway*, 237 B.R. 217 (Bankr.M.D.Fla.1999) (tax debt continued to accrue interest and penalties postpetition where debtor did not receive Chapter 13 discharge); *In re Place*, 173 B.R. 911 (Bankr.E.D.Ark. 1994) (where Chapter 13 case was dismissed without discharge, accrual of interest on tax debt was not affected by pendency of bankruptcy case).

378 B.R. at 236. The *Lilly* Court concluded:

A debtor who files a Chapter 13 case despite not being eligible for a discharge, nevertheless has the power to modify a secured creditor's rights under Section 1322(b)(2), and the power to pay the creditor's claim with interest at the *Till* rate under Section 1325(a)(5)(B)(ii). Without a discharge, however these

modifications are effective only for the term of the plan. The DEBTOR remains liable for the full amount of the underlying debt determined under nonbankruptcy law, including her liability for interest calculated at the contract rate. If the interest rate reduction achieved under a confirmed plan was determined to be permanent and binding on the creditor, that would result in a *de facto* discharge of a portion of the underlying debt, a benefit to which the DEBTOR is not entitled. Once the plan is completed, the DEBTOR remains liable for the balance of the "underlying debt determined under nonbankruptcy law" . . . .

378 B.R. at 236–37.

■ As already stated, this Court agrees with the reasoning of the *Lilly* court. A debtor may file a Chapter 13 petition when no discharge is available because of a prior discharge in a Chapter 7. A Chapter 20 debtor may propose to invoke various otherwise applicable provisions of the Bankruptcy Code during the pendency of the case, but without a discharge the only way to make the debt go away is to pay it in full at the amount it would be under nonbankruptcy law.

The Court's conclusion is buttressed by a number of relevant decisions which have looked at nondischargeable debts. In *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the debtor had been assessed for prepetition unpaid taxes. During bankruptcy a small portion of the debt was paid on the IRS claim pursuant to a proof of claim filed by the IRS. The debtor acknowledged his liability on the underlying debt but contended the IRS could not seek postpetition interest on that debt since it chose to file a claim and receive a distribution. Writing for a unanimous court, Chief Justice Warren wrote that debtor's personal liability for postpetition interest on the nondischargeable debt remained the debtor's personal obligation.

*In re Pardee*, 218 B.R. 916 (9th Cir. BAP 1998) involved a Chapter 13 plan that provided for full payment of the principal and prepetition interest on a nondischargeable student loan. Even though the plan paid that debt in full, postpetition interest accrued over the life of the plan and was itself nondischargeable. It was the personal liability of the debtor and could be collected from him post-discharge.

The Ninth Circuit Court of Appeals reached the same conclusion with respect to a Chapter 13 debtor who made full payment of a child support debt. Again, postpetition interest accrued and could be collected post-discharge from the debtor. *In re Foster*, 319 F.3d 495 (9th Cir.2003).

The Bankruptcy Appellate Panel of the Ninth Circuit reiterated its holding in *Pardee* in *In re Ransom*, 336 B.R. 790 (2005), rev'd on other ground in *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193 (9th Cir.2008), again holding that postpetition interest accrued during the life of the Chapter 13 plan and was the personal obligation of the debtor post-discharge.

■ Congress has determined that a debtor who files a Chapter 13 within four years of obtaining a discharge in a Chapter 7 is not eligible for a Chapter 13 discharge. That makes the debtor's debts nondischargeable in that case to the same effect as student loans, child support, or nondischargeable tax obligations. Any other conclusion would violate 11 U.S.C. § 1328(f) by granting a *de facto* discharge where one is expressly excluded.

The foregoing answers the specific question posed by Grandstaff in this motion, which was whether the process of Chapter 13 and a lien strip is even available to a debtor who is not eligible for a discharge.

In this Court's view, the answer is that a debtor may file a Chapter 13 although not eligible for a discharge, subject to all the requirements of 11 U.S.C. § 1325, as well as the rest of the Bankruptcy Code. The instant motion for relief from stay does not require the Court to set out what the parameters are for a debtor to undertake such a filing. The Court has already noted the good faith requirements of § 1325(a)(3) and (a)(7). Suppose a debtor were to propose a plan invoking § 1322(b)(2) or, perhaps, § 506(d) to avoid a creditor's secured interest and treat it as an unsecured claim. In theory, that may be permissible, but whether it is will turn on how the debtor proposes to pay the creditor. For example, if the debtor proposes to pay the debt in full over the life of the plan, such a plan may well be in good faith if feasible. On the other hand, would a plan be in good faith if it proposed to pay the creditor little or nothing over the term of the plan, in effect postponing or delaying payment of the nondischargeable debt owed to the creditor? Would that constitute unreasonable delay under § 1307(c)? Those questions, and others, are left for a motion or case where they are squarely presented.

Ms. Grandstaff has asserted that the instant case was filed in bad faith, and argues that bad faith is a ground for granting relief from stay. As a general proposition, the Court agrees that bad faith may be a ground for granting relief from stay. *In re Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986); *In re ACI Sunbow, LLC*, 206 B.R. 213 (Bankr.S.D.Ca.1997). Whether the case presents a record of bad faith remains to be determined. Debtor has generally asserted that she filed in good faith, but has not responded to any of Ms. Grandstaff's arguments concerning feasibility of the proposed plan, amount and identity of liens on the subject property, or change in claimed expenses.

Because the Court concludes that a debtor may file a Chapter 13 petition and may seek to invoke the lien strip authorization of 11 U.S.C. § 1322(b) even though the debtor is not eligible for a discharge, the motion for relief from stay on that ground is denied. The Court continues the hearing on the balance of this motion to the date and time scheduled to hear the debtor's lien strip motion, which presently is May 11, 2010, 3 p.m. in Department 4. At that hearing, the court will determine what further hearing on this motion is necessary.

IT IS SO ORDERED.