**In re Jeannie M. LINDSKOG, Debtor.**

**Jeannie M. Lindskog, Plaintiff,**

**v.**

**M & I Bank FSB, Defendant.**

**Bankruptcy No. 10–27037–jes.
Adversary No. 10–2278.**

United States Bankruptcy Court,
E.D. Wisconsin.

April 13, 2011.

Ryan Anthony Blay, Kenosha, WI, for Plaintiff.

Eric Teske, Bass & Moglowsky, S.C., Milwaukee, WI, for Defendant.

### DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

This adversary proceeding presents the following question: May a debtor who received a chapter 7 discharge, and later filed a chapter 13 case within four years after the chapter 7 case was filed, avoid a wholly-unsecured junior mortgage lien?

### FACTS

On August 16, 2005, Plaintiff, Jeannie M. Lindskog ("Debtor"), executed a second

mortgage note and mortgage on her home at 39610 Lake Park Court, Powers Lake, Wisconsin ("Powers Lake real estate"). The mortgage and mortgage note are currently held by Defendant, M & I Bank FSB ("M & I Bank").

On May 17, 2008, debtor filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 08–12661). She did not reaffirm her mortgage debt on the Powers Lake real estate in her chapter 7 case, and she received a discharge on August 19, 2008.

On April 29, 2010, debtor then filed a chapter 13 bankruptcy petition which commenced this chapter 13 case. Because this chapter 13 case was filed less than four years after debtor had filed her chapter 7 case in Illinois, pursuant to 11 U.S.C. § 1328(f)[1], she is not eligible to receive a chapter 13 discharge.

At the time this chapter 13 case was commenced, Wells Fargo Home Mortgage held a first mortgage on the Powers Lake real estate with a balance due of approximately $346,000. At that time, M & I Bank held a second mortgage with a balance due, according to M & I Bank, of approximately $93,000. The debtor contends the balance then due to M & I was $103,743. Regardless, it is undisputed that the fair market value of the property at the time of filing was $323,000 (which is less than the first mortgage balance), and that M & I Bank's mortgage lien is totally without equity.

The debtor's proposed amended chapter 13 plan filed on July 22, 2010 provides, under ¶ 10 "Special Provisions," the following:

> The lien by M & I Bank secured by debtors' [sic] property located at 39610 Lake Park Court, Powers Lake, WI 53159 is entirely unsecured by equity in the residence and shall be treated as an unsecured creditor. The debt was discharged in debtor's prior chapter 7 Bankruptcy and the trustee shall not pay on any claim filed by M & I Bank. An adversary proceeding shall be filed to resolve this.

On June 2, 2010, debtor filed this adversary proceeding in which she seeks to avoid M & I Bank's second mortgage lien under the provisions of 11 U.S.C. § 506(d).[2]

M & I Bank has responded by filing its answer together with a motion to dismiss this adversary proceeding. Its motion to dismiss asserts that, because the debtor is ineligible to receive a chapter 13 discharge, she cannot utilize § 506(d) to strip off its second mortgage lien, regardless of the fact that it is totally without equity.

M & I Bank has also filed a separate objection to confirmation of the debtor's amended chapter 13 plan based on the same grounds it has set forth in its motion to dismiss.

Briefs have been submitted by both parties. In addition, an *amicus curiae* brief was filed by the National Association of Consumer Bankruptcy Attorneys in support of the debtor's position.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (L).

---

1. 11 U.S.C. § 1328(f) reads in pertinent part: . . . the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—(1) in a case filed under chapter 7, 11 or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter[.]

2. 11 U.S.C. § 506(d) reads in pertinent part: To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void[.]

## DEBTOR'S POSITION

Debtor submits that the Bankruptcy Code does not require that a debtor be eligible for a discharge in order to avoid an unsecured junior lien. She asserts that there is nothing in the Bankruptcy Code which precludes a debtor who is ineligible to receive a discharge from stripping off a lien. She further contends that § 1325(a)(5) of the Bankruptcy Code, which addresses the rights of secured creditors, and § 506(a) and (d), which address the rights of unsecured creditors, are controlling and that M & I Bank is an unsecured creditor who should not be allowed any greater rights than those of any other unsecured creditor.

## M & I BANK'S POSITION

M & I Bank asserts that avoidance of its lien in chapter 13 can only be accomplished by the debtor if that debtor is able to receive a chapter 13 discharge and that, because the debtor in this case is ineligible to receive such a discharge, she cannot utilize this chapter 13 case to avoid M & I Bank's lien, even if the lien is not supported by equity. M & I Bank further argues that the Congressional intent of § 1328(f) was to limit § 506 valuations to debtors who have successfully completed their chapter 13 plans and have received a discharge, and that to allow a debtor ineligible to receive a chapter 13 discharge to avoid its lien would render meaningless the statutory 4–year bar created by § 1328(f).

## ANALYSIS

There is a sharp split of authority on the issue before this court. Cases allowing lien avoidance under these circumstances include: *In re Tran,* 431 B.R. 230 (Bankr.

N.D.Cal.2010); *In re Casey,* 428 B.R. 519 (Bankr.S.D.Cal.2010); *In re Grignon,* 2010 WL 5067440 (Bankr.D.Or.); *In re Hill,* 440 B.R. 176 (Bankr.S.D.Cal.2010); *In re Burnett,* 427 B.R. 517 (Bankr.S.D.Cal.2010); and *In re Davis,* 2011 WL 1237638 (Bankr. D.Md.). Cases which do not allow lien avoidance under these circumstances include: *In re Jarvis,* 390 B.R. 600 (Bankr. C.D.Ill.2008); *In re Blosser,* 2009 WL 1064455 (Bankr.E.D.Wis.); *In re Gerardin,* 447 B.R. 342 (Bankr.S.D.Fla.); *In re Mendoza,* 2010 WL 736834 (Bankr. D.Colo.); *In re Lilly,* 378 B.R. 232 (Bankr. C.D.Ill.2007); *In re Fenn,* 428 B.R. 494 (Bankr.N.D.Ill.2010); *In re Woolsey,* 438 B.R. 432 (Bankr.D.Utah 2010); *In re Collins,* 2010 WL 5173840 (Bankr.D.Or.); and *In re Picht,* 428 B.R. 885 (10th Cir. BAP 2010).[3]

Debtor has relied substantially upon *Tran,* where the court held that nothing in the Bankruptcy Code precludes a debtor in a no-discharge chapter 13 case from stripping off a wholly-unsecured junior lien. 431 B.R. 230. This court disagrees with *Tran.* Instead, it finds *In re Gerardin* more compelling. 2011 WL 1118495. In *Gerardin,* Judge Mark stated that *Tran* ignores the specific and directly applicable language set forth in § 1325(a)(5)(B)(i)(I) which provides for liens to be retained until the debt due to the holder of the junior mortgage is either repaid or the debtor has received a discharge under § 1328. *See also Picht,* 428 B.R. at 890 n. 21 ("If no Chapter 13 discharge is entered, the lien is retained until payment of the debt under nonbankruptcy law"), and *Woolsey,* 438 B.R. at 438 ("Avoidance of a lien is only available upon discharge or full payment of the underlying debt.... In addition, the amount that must be paid to

**3.** Judge Pepper of this district has also decided this issue in favor of the creditor in the case of *Fair v. GMAC Mortgage, LLC* (Case No. 10–02362), currently on appeal to the District Court (Case No. 10–C–1128).

satisfy the 'underlying debt' obligation under § 1325(a)(5)(B)(i)(I)(aa) is not limited to the amount of an allowed claim that is secured as determined by § 506(a).").  The debtor, in the case at bar, has not repaid her obligation to M & I Bank and also is not eligible to receive a chapter 13 discharge.  As a result, there is a lack of compliance with § 1325(a)(5)(B)(i)(I).[4] The fact that M & I Bank's secured lien, as of the date of commencement of this chapter 13 case, is without any equity does not change M & I Bank's status as the holder of an "allowed secured claim" within the meaning of § 1325(a)(5)(B)(i)(I).  It only means that M & I Bank will be treated, under debtor's proposed plan, as a general unsecured creditor for dividend purposes.  However, M & I Bank still retains its *in rem* rights.

This court is also persuaded by the opinion of Judge Gorman in *Jarvis,* in which she held that to enable a debtor in a nodischarge chapter 13 case to avoid a lien would not comport with the Congressional intent of § 1328(f).  390 B.R. 600.  Debtor's proposed plan also runs contrary to §§ 348(f)(1)(C) and 349(b)(1)(C) which allow avoided liens to "spring back" upon conversion or dismissal of a chapter 13 case.  The debtor's proposed plan does not provide, in the event of conversion or dismissal, for a revival of such avoided liens.

Moreover, if debtor in the case at bar would be permitted to lien strip M & I Bank's lien, that would create an "end run" around § 1328(f).  It would also be contrary to the ruling of the United States Supreme Court in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903

(1992).  As Judge Kelley, in *Blosser,* observed:

> ... allowing a debtor to file chapter 7, discharge all dischargeable debts and then immediately file chapter 13 to strip off a second mortgage lien would not be much different than simply avoiding the mortgage lien in the chapter 7 itself. 2009 WL 1064455.

This court fully agrees with Judge Kelley's observation.  Granting debtor the right to lien strip in this case would also have the potential of creating a windfall for debtor.  By the time this chapter 13 plan is fully completed, there may be equity supporting M & I Bank's lien, because the balance due to Wells Fargo on its first mortgage will be diminishing and the Powers Lake real estate may well increase in value, depending upon economic circumstances.  To permit lien stripping under these circumstances would be contrary to the well-established principle enunciated in *Dewsnup v. Timm* that liens pass through bankruptcy unaffected.  502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903.  *Dewsnup* further declared that "any increase over the judicially-determined valuation during bankruptcy rightly accrues to the benefit of the creditor."  *Id.* at 417, 112 S.Ct. 773.  *See also Matter of Penrod,* 50 F.3d 459, 461 (7th Cir.1995), and *Woolsey,* at 438.

### CONCLUSION

This court concludes that debtor's proposed chapter 13 plan runs afoul of the Congressional intent expressed when the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was enacted.  That intent is evidenced in H.R. Rep. 109–31(i) Pt. 1 at 5, 2005 U.S. Code Cong. & Admin.News pp. 88, 92,

---

**4.**  11 U.S.C. § 1325(a)(5)(B)(i)(I) reads in pertinent part: ... the court shall confirm a plan if—with respect to each allowed secured claim provided for by the plan—the plan provides that the holder of such claim retain the lien securing such claim until the earlier of— (aa) the payment of the underlying debt determined under nonbankruptcy law;  or (bb) discharge under section 1328[.]

which declared that this law was a comprehensive reform to correct "the present bankruptcy system [which] has loopholes and incentives that allow and—sometimes—even encourage opportunistic personal filings and abuse."

M & I Bank's motion to dismiss this adversary proceeding is **GRANTED,** and M & I Bank's objection to debtor's amended chapter 13 plan is **SUSTAINED,** without prejudice to the right of debtor to file a further amended plan.

This decision constitutes this court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

A separate order shall be entered consistent with this decision.